UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| EUGENE SCALIA, Secretary of Labor, United States Department of Labor, | ) ) ) | CASE NO. _____ |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| A-1 DURAN ROOFING, INC., and BERNARDO DURAN, an individual, | ) ) ) | |
| Defendants. | ) ) | **C O M P L A I N T** (Injunctive Relief Sought) |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have A-1 Duran Roofing, Inc. ("A-1") and Bernardo Duran enjoined from violating the provisions of §§ 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (the "Act"); and, pursuant to § 16 of the Act, 29 U.S.C. § 216, to recover unpaid overtime wages, together with an equal amount as liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c), 16(e), and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345, to enjoin violations of the Act, to restrain the withholding of back wages due under the Act, to award back wages due, and to award additional amounts equal to back wages due as liquidated damages under § 16(c) of the Act, 29 U.S.C § 216(c).

II

A.  Defendant A-1, at all times hereinafter mentioned, has been a corporation having a place of business and doing business in Miami, Miami-Dade County, Florida.

   B. Defendant Bernardo Duran, an individual doing business in Miami, Miami-Dade County, Florida, at all times hereinafter mentioned, has been the Owner and President of A-1, and has acted directly or indirectly in its interest in relation to its employees, and therefore is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

   At all times hereinafter mentioned:

   A. Defendants, engaged in related activities performed either through unified operation or common control for a common business purpose, constitute an enterprise within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

   B. Such enterprise, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce, such as roofing tiles and roofing paper manufactured outside the State of Florida; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level, which are separately stated), constitutes an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

   Since January 24, 2017, Defendants have repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees, including roofers,

for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.

V

Since January 24, 2017, Defendants, employers subject to the provisions of the Act, repeatedly and willfully violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 et seq., by failing to make, keep, and preserve adequate and accurate records of the persons employed and of the wages, hours, and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.

VI

WHEREFORE, cause having been shown, Plaintiff prays for an Order and Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their agents, servants, employees, and all persons in active concert or participation with them from violating the provisions of §§ 7, 11 of the Act and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), enjoining Defendants from withholding back wages for a period of three (3) years prior to the commencement of this action (plus any time tolled by agreement of the parties), awarding all back wages due, and awarding an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date the back wages became due until paid, and costs of this action.

Respectfully submitted this 27th day of August 2020.

ADDRESS:

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303
Telephone:  404.302.5435
Facsimile:  404.302.5438
E-mail:  walter.robert@dol.gov
    ATL.Fedcourt@dol.gov
    ellis.cameron.w@dol.gov

KATE S. O'SCANNLAIN
Solicitor of Labor

TREMELLE I. HOWARD
Regional Solicitor

ROBERT L. WALTER
Counsel

By: /s/ *Cameron W. Ellis*
    Cameron W. Ellis
    Trial Attorney

Attorneys for Plaintiff,
Secretary of Labor,
United States Department of Labor

SOL Case No. 19-00598